

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-23-00107-CR**

**IN RE BRYAN STALLWORTH**

**Original Proceeding**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 30582**

## DISSENTING OPINION

According to the petition for a writ of mandamus, Stallworth is in jail pending trial; and over six months ago, Stallworth filed a motion in which he sought to represent himself in the trial court proceeding. The motion has not been ruled upon. Such a motion does not violate the prohibition against hybrid representation. And if Stallworth desires to represent himself in the pending criminal proceeding, any unreasonable delay in ruling on the motion potentially prejudices Stallworth's right to self-representation.

It is not apparent from the Court's opinion why the petition is being denied. Is it being denied because there is some procedural defect or irregularity, or because Stallworth is not entitled to a ruling on the motion, or because he is asking the Court to render a specific ruling[1]? If it is the first of these reasons, we should not deny the petition, at least not without giving notice and an opportunity to cure the procedural defect or irregularity. TEX. R. APP. P. 44.3. If it is the latter reason, we frequently explain to litigants, even those represented by counsel, that the petition for writ of mandamus is being denied because we cannot issue the writ to compel the trial court to rule in a certain way. We do not do that here. We can, however, issue a writ to compel the trial court to rule on a motion that has been pending a sufficient length of time for the trial court to have considered the motion.

We previously denied a petition for a writ of mandamus on the principle that Stallworth is not entitled to hybrid representation; so, the trial court had no duty to rule on his motion. *See In re Stallworth*, No. 10-23-00055-CR, 2023 Tex. App. LEXIS 1321 (Tex. App.—Waco Mar. 1, 2023, no pet. h.). At that time, we did not know that there was also a pending motion to allow him to represent himself. The delay in ruling on the motion for self-representation is thus affecting Stallworth's ability to represent himself because

---

[1] Some would argue that requesting a specific ruling via a petition for a writ of mandamus by a pro se inmate is also a procedural defect or irregularity. If it is, then TEX. R. APP. P. 44.3 would apply. I guess if Stallworth files yet another mandamus petition merely to compel a ruling on his motion, maybe we will learn why this petition is being denied.

he cannot get his pro se motions ruled upon.

Accordingly, I would request a response to the petition for a writ of mandamus from the respondent trial court and the real-party-in-interest, limited to the issue of why the motion has not yet been ruled upon, so that the merits of the petition in that regard may be considered by this Court.

TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed May 17, 2023

